## No. 575

### LIKENS v. IND. COMM.

No. 1831. Supreme Court

On motion to certify. Dock. May 19, 1926.

**1283. WORKMEN'S COMPENSATION — Where in an appeal from the Commission to the Common Pleas Court the question at issue is whether or not a claimant is a dependent within the purview of the statute; is it error for the court to refuse to charge that gifts and presents from the deceased to the alleged dependent are not competent evidence to warrant the jury in finding a relation of dependency?**

Stephen D. Scoutten, the father of Laura S. Likens, the plaintiff here was killed in the course of his employment by the State of Ohio, Division of Highways.

The Industrial Commission refused to allow Likens any compensation as they found that she was not dependent in any way upon the deceased.

The case was appealed to the Summit Common Pleas where the jury returned a verdict in favor of Liken. The judgment rendered on the verdict was reversed by the Court of Appeals on the ground that the court erred in charging the jury concerning gifts and presents and for error committed in charging concerning credability of witnesses and the weight to be given their testimony.

It appears according to Likens' testimony that she was married and living with her husband and that for a period of years her father had contributed toward her support by giving her certain sums of cash every two weeks.

The court refused to charge that if the jury found that the money given to Likens were gifts or presents the plaintiff could not recover.

Likens in the Supreme Court contends:

1. That the workmen's compensation act should be construed with the utmost liberality.

2. That the general exception taken by the commission at the close of the trial and after the case was submitted to the jury is not such an exception as will enable the excepting party to prosecute error.

3. That it is not duty of the court in charging the jury to negative the various conditions and circumstances which might defeat a recovery, but that it is sufficient to charge positively and affirmatively.

Attorneys—Musser, Kimber & Huffman, Akron, for Likens; C. C. Crabbe and R. R. Zurmehly, Columbus & G. W. Booth & W. H. Slaybaugh, Akron, for Commission.

## No. 576

### BAYER, Admr. v. BENTZ

No. 19857. Supreme Court

On motion to certify. Dock. June 1, 1926.

**677. JUDGMENTS—Where a judgment has become dormant, upon an action for revivor may the judgment debtor collaterally attack the judgment on the ground of no consideration for the note upon which judgment was rendered originally?**

It appears that judgment was rendered against Agnes Bentz by confession upon a promissory note in 1919 in favor of one Pilcher. This judgment was allowed to become dormant and F. V. Bayer, administrator of Pilcher, seven years after the judgment had been rendered, commenced proceedings to revive. No attempt had ever been made to vacate or set aside the judgment nor were any proceedings in appeal or error filed. Affidavits were filed by Bentz setting forth lack of consideration for the note which was the subject of the judgment.

The judgment of the Common Pleas in refusing to revive the judgment was sustained by the Appeals by reason of the affidavits.

Bayer in the Supreme Court contends:

1. That the affidavits were incompetent because they were self-serving declarations.

2. That the affidavits should not have been considered by the court on the ground that they constitute testimony against an administrator in violation of 11495 GC.

3. That in an action for reviver of a dormant judgment said judgment cannot be collaterally attacked.

Attorneys—F. V. Bayer, Columbus, for Pltf.; Atkinson, Smith & Hogan, Columbus, for Deft.

## No. 577

### KOLLIKER v. WILLARD

No. 19838. Supreme Court

On motion to certify. Dock. May 25, 1926.

**329. COVENANTS—Where a number of lots have been platted and all but one have been sold to purchasers under restrictions concerning the use and type of buildings to be constructed on said lots, may the vendor use the remaining lot for an alley to another property which he owns in another sub-division?**

Margery Kolliker brought this suit originally in the Cuyahoga Common Pleas against Hudson E. Willard in an effort to obtain a perpetual injunction against Willard restraining him from constructing an alley across a lot adjacent to the lot owned by Kolliker.

It appears that Willard subdivided certain property into 26 lots which he sold with the exception of one lot which lot was adjacent to the property purchased by Kolliker. The deeds to all these properties contained restrictions concerning the use of the property for residence purposes only and the type of building which might be constructed, etc.

Willard owned another property adjacent to the property in question and began the construction of a 18 foot alley way across the lot next to Kolliker's residence.

The Common Pleas granted a perpetual injunction but the Court of Appeals denied the injunction and dismissed the petition on the ground that the construction of an alley would not violate the restrictions.

Kolliker in the Supreme Court contends:

That the placing of the alley-way in a lot in the subdivision would be a violation of the restrictions on said property.

Attorneys—Leroy S. Mills, for Pltf.; R. G. Curren, for Deft.; all of Cleveland.